MAXWELL BAXTER v. PAUL A. THOMPSON and
HERBERT S. THOMPSON

4 So. (2nd) 864
Division B
Opinion Filed November 28, 1941

*Baxter & Berryhill,* for Appellant;
*Butt & Akridge,* for Appellees.

PER CURIAM.—From a final decree entered by the Circuit Court of Brevard County, Florida, a reversal thereof by an appeal is sought here. The decree appealed from cancelled a timber or lumber contract dated December 17, 1934, by Maxwell Baxter, as owner and seller, and Paul A. Thompson and Herbert S. Thompson, as buyers. The Thompsons advanced to Baxter the sum of $2,000.00 when the contract of sale was executed. The pine timber was situated on 1670 acres of land owned by Baxter and located in Brevard County. The Thompsons were sawmill men and bought the pine timber of Baxter for sawmill purposes, and placed their sawmill on the property in the early part of 1935. The case at bar makes its appearance here for the second time. See Baxter v. Thompson, 134 Fla. 494, 184 So. 118.

The Thompsons, after executing the purchase contract for the pine timber and the payment of the

$2,000.00, went upon the land and began their sawmill operations. They were advised immediately that Baxter did not own the land or pine timber which they were cutting, but that it was owned by F. C. Powell. The Thompsons' contract of purchase between the parties was closed on the mistaken idea that Baxter owned the land and timber surrounding the "Bull Pens" situated near his property. It was conclusively shown that he did not own this property, but that it was owned by Powell. The appellant Baxter was honestly mistaken as to his land lines and the location of the "Bull Pens." It was his theory that he owned the land around the "Bull Pens," but the testimony is to the contrary.

The decree appealed from ordered the return by Baxter to the Tnompsons of the $2,000.00 paid to him by them when the contract was made. The timber removed from the Baxter lands by the Thompsons in the amount of approximately 80,000 feet, at the rate of $5.00 per thousand, was allowed as a credit on the $2,000.00, and the residue thereof was decreed a lien upon the timber then standing on the 1670 acres owned by Baxter, and if the same was not paid, then the timber would be sold to satisfy the payment thereof.

Mr. Baxter acquired title to the land at a Master's Sale in December, 1934, and while at Titusville contracted the Thompsons and proffered to sell them the sawmill timber situated thereon. In the subsequent negotiations leading up to the execution of the contract of sale, the Thompsons asserted that Baxter represented that he owned the lands and timber around the "Bull Pens." The Thompsons knew the location of the "Bull Pens" and the land and timber surrounding the same and relied on the claim of

ownership by Baxter and signed the contract and paid the $2,000.00 to Baxter on the theory of his ownership thereof. There was a sharp conflict in the evidence as to Baxter's claim of ownership of the land and the timber surrounding the "Bull Pens," but the lower court on this dispute or conflict decided the same against the appellant Baxter. We think there is substantial testimony in the record to sustain this holding. The sufficiency of the allegations of the amended bill of complaint and whether or not the same contained equity was sustained when the case was previously considered by this Court. The authorities relied upon by counsel for the respective parties appear in the report of the case at bar on first appeal. See Baxter v. Thompson, 134 Fla. 494, 184 So. 118.

The testimony of the respective parties has been carefully considered, along with all exhibits, the briefs have been studied and authorities cited examined, and able oral argument heard at the bar of this Court, and we find substantial evidence to support the views and conclusions of the chancellor below, as expressed in the final decree appealed from. We fail to find error in the record and accordingly the decree appealed from is hereby affirmed.

It is so ordered.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, J. J., concur.